UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-02498-JAM-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITHOUT PREJUDICE AND GRANTING DEFENDANT LEAVE TO AMEND NOTICE OF REMOVAL** |

　　Clifford Miller ("Plaintiff" or "Miller") sued BMW of North America, LLC ("Defendant" or "BMW") in Sacramento County Superior Court for breach of warranty and fraud related to alleged vehicle defects. Compl., ECF No. 1-1. BMW removed the case to federal court. Notice of Removal, ECF No. 1. Miller now moves to remand the case to state court. Mot., EFC No. 8.

　For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to remand and GRANTS Defendant leave to amend its notice of removal.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 20, 2018.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Clifford Miller alleges he purchased a 2013 BMW 750i vehicle from BMW on July 14, 2016. Compl. ¶¶ 4-5. Miller alleges the vehicle developed certain defects which could not be, or were not, fixed by BMW. Id. ¶¶ 6-8.

Miller filed his complaint against BMW in Sacramento County Superior Court on August 10, 2018 alleging four state law causes of action related to purported defects in the 2013 BMW 750i: (1) breach of warranty obligation to provide restitution or replacement; (2) breach of warranty obligation to commence or complete repairs within thirty days; (3) breach of implied warranty of merchantability; and (4) fraud by omission. Compl. at 3-9. BMW was served with the complaint on August 15, 2018. Notice of Removal ¶ 2.

BMW timely removed the case to federal court on September 13, 2018. Notice of Removal; 28 U.S.C. § 1446(b). Miller timely moved to remand the case to Sacramento County Superior Court on October 15, 2018. Mot.; 28 U.S.C. § 1447(c). BMW opposes the motion. Opp'n, ECF No. 12.

II. OPINION

A. Legal Standard

When a plaintiff brings in state court a case over which "the district courts of the United States have original jurisdiction," a defendant may remove the case to federal court. 28 U.S.C. § 1441(a). The Ninth Circuit strictly construes the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The defendant always

has the burden to establish removal is proper and a court must reject federal jurisdiction if there is any doubt as to the right of removal. Id.; 28 U.S.C. § 1447(c).

### B. Diversity Jurisdiction

Diversity jurisdiction exists in all civil actions where there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

BMW removed the instant case to federal court on the basis of diversity jurisdiction, Notice of Removal ¶ 5, and thus bears the burden of establishing diversity jurisdiction.

#### 1. Amount in Controversy

Because BMW alleges, and Miller does not contest, the amount in controversy exceeds $75,000, the Court confines its inquiry to the parties' arguments regarding diversity of citizenship. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014).

#### 2. Diversity of Citizenship

The notice of removal pleading must contain "a short and plain statement of the grounds for removal," which includes the jurisdictional basis for removal. 28 U.S.C. § 1446(a). To establish diversity jurisdiction, a removing party must adequately allege complete diversity of citizenship between the parties: every plaintiff must be diverse from every defendant. See Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005).

Plaintiff argues that Defendant failed to properly plead complete diversity in its notice of removal and that, in any event, the parties are not completely diverse. Mot. at 2-3.
///

### a. Pleading Diversity

For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly plead diversity, a limited liability company must affirmatively allege the citizenship of each of its members. Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011). A failure to do so can result in dismissal for lack of subject matter jurisdiction. Id. at 65.

Defendant, a limited liability company, failed to properly allege the citizenship of each of its members in its notice of removal. Notice of Removal ¶ 10-11. In its notice of removal, Defendant cited and applied to itself the citizenship standard for corporations, rather than the standard for limited liability companies. Id. Moreover, Defendant failed to even name its members, let alone allege each member's citizenship. Id.

Defendant argues, however, that its corporate disclosure statement, filed pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 7.1-1, cures any potentially defective jurisdictional allegations in its notice of removal. Opp'n at 1. Indeed, the corporate disclosure statement provides "BMW NA is a wholly owned subsidiary of BMW (US) Holding Corp. BMW (US) Holding Corp. is a privately held Delaware corporation with its principle place of business located in Woodcliff Lake, New Jersey." Corporate Disclosure Statement, ECF No. 3. This unsworn statement lacks a concluding sentence regarding BMW's citizenship and is insufficient to cure the pleading defect.

Further, the corporate disclosure statement does not address—nor does BMW yet present proof to refute—Plaintiff's argument regarding the undeclared citizenship or roles of the twenty-five individuals listed as "Additional Manager(s) or Member(s)" of BMW on the Statement of Information BMW filed with the California Secretary of State. Mot. Ex. 1, ECF No. 8-1, at 5-9; Reply, ECF No. 13, at 2-3; see Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (holding that the party asserting diversity jurisdiction must support its allegations by competent proof when facing a factual attack to jurisdictional allegations).

Thus, BMW failed to properly allege its citizenship as a limited liability company in its notice of removal.

### b. Curing Defective Allegation of Jurisdiction

Courts may grant leave to amend notices of removal where the jurisdictional allegations are not omitted entirely, but rather are merely defective in form. See, e.g., Lindley Contours, LLC, 414 F. App'x at 64 (granting leave to amend notice of removal where defendant removed on the basis of diversity jurisdiction but failed to allege the citizenship of all members of a limited liability company); Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 794 (9th Cir. 1996) (upholding denial of motion to remand and grant of leave to amend notice of removal to cure "formal errors of pleading" diversity jurisdiction); see also Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002) ("Under 28 U.S.C § 1653, [the Court has] the authority to grant leave to amend a [pleading] in order to cure defective allegations of jurisdiction."). Here, Defendant did plead diversity of citizenship, but erred in the form of its pleading.

The Court therefore finds it appropriate to grant Defendant
leave to amend its notice of removal to possibly cure the
jurisdictional pleading defect.

## III. ORDER

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to remand (ECF No. 8). Defendant shall file an amended notice of removal with the Court no later than 14 days from the date of this order. Plaintiff shall file his response, if any, to the amended notice of removal, within 14 days thereafter.

IT IS SO ORDERED.

Dated: November 28, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE