UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD MILLER,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | No. 2:18-cv-02498-JAM-KJN<br><br><br><br>ORDER |

An informal telephonic discovery conference was held on April 18, 2019, at 3:00 p.m., before the undersigned. Appearing telephonically were Larry Chae on behalf of plaintiffs and Raymond Collins and Garrick Chan on behalf of defendant. After considering the parties' joint letter brief (ECF No. 22), and oral arguments during the conference, the court finds as follows.

Plaintiff who brings this case pursuant to the California Song-Beverly Consumer Warranty Act, seeks an order compelling discovery from defendant. Specifically, plaintiff seeks: (1) the prior owners' repair and communications records; (2) BMW of North America LLC's ("BMW") Operating Agreement; and (3) BMW's internal investigations (and related documents) into the same issue in other 2013 7-Series vehicles with the same engine.

First, plaintiff seeks documents reflecting the full repair history for the subject vehicle, including repairs performed on the vehicle prior to plaintiff's purchase of the vehicle. (See ECF No. 22.) Plaintiff seeks the repair history to help determine whether BMW knew the subject

vehicle should have been repurchased, but refused to do so nonetheless. (Id.) To establish a violation of the California Song-Beverly Consumer Warranty Act, "[a]mong the factors to be considered by the jury are whether: (1) the manufacturer knew the vehicle had not been repaired within a reasonable period or after a reasonable number of attempts. . . ." Jensen v. BMW of N. Am., Inc., 35 Cal. App. 4th 112, 136, 41 Cal. Rptr. 2d 295 (1995), as modified on denial of reh'g (June 22, 1995) (emphasis added). The prior repair records are therefore relevant to the inquiry at hand.

However, BMW asserts that these records are private information that is not discoverable without demonstrating a compelling state interest. (See ECF No. 22.) To the extent that production of these records may infringe on the privacy of the previous owners of the subject vehicle, BMW may produce these documents subject to a stipulated protective order, or with the previous owners' identifying information redacted.

Second, plaintiff seeks BMW's Operating Agreement to challenge removal of this matter. (See ECF No. 22.) However, plaintiff's motion to remand was denied, and BMW has filed an amended notice of removal, and an amended corporate disclosure, as ordered. (See ECF Nos. 15-17.) Plaintiff has failed to demonstrate as to why BMW's Operation Agreement remains relevant and subject to discovery, at this point.

Third, plaintiff seeks evidence of BMW's internal investigations to determine whether BMW was aware of a widespread defect in its N63Tu engine. (See ECF No. 22.) Defendant asserts that such information is not discoverable, because this is a single-vehicle, lemon law case and that BMW's internal investigations and communications regarding the N63Tu engines are not relevant. (Id.)

However, it is relevant whether BMW was on notice of issues with the subject engine type, prior to its numerous attempts to repair plaintiff's vehicle. Especially where, as here, plaintiff seeks punitive damages in connection with his claims. See Jensen v. BMW of N. Am., LLC, 328 F.R.D. 557, 562 (S.D. Cal. 2019); see also Donlen v. Ford Motor Co., 217 Cal. App. 4th 138, 154, 158 Cal. Rptr. 3d 180, 193 (2013), as modified on denial of reh'g (July 8, 2013).

At the same time, the court must balance the burden such discovery may place on

defendant against plaintiff's right to discovery, to ensure that discovery is not unduly burdensome.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request is GRANTED IN PART and DENIED IN PART on the terms of this order.
2. Within fourteen (14) days of this order, defendant shall produce adequate response to plaintiff's requests for production concerning the prior owners' repair and communications records. Defendant may produce these responses subject to a stipulated protective order that is first submitted to, and approved by, the court. In the alternative, defendant may produce these responses with redactions of the names and addresses of any previous owners. If redacted responses are provided, however, plaintiff may seek the production of the redacted information, upon an adequate showing that such information is discoverable .
3. Plaintiff's request to compel BMW's Operating Agreement is denied without prejudice.
4. Defendant is ordered to provide responses to plaintiff's requests for production concerning defendant's internal investigations (and related documents) into the same issue in other 2013 7-Series vehicles with the same engine. However, such disclosure shall be made subject to further meet and confer efforts between the parties, keeping in mind that this is a single-vehicle, lemon law case.
5. Within thirty (30) days of this order, parties shall meet and confer in the spirit of cooperation and civility to reach an agreement regarding the scope of discovery concerning defendant's internal investigations into the same issue in other 2013 7-Series vehicles with the same engine.

IT IS SO ORDERED.

Dated: April 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE